## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **SONIA GHAWANMEH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 1:09-cv-00631 – JMF** |
| | ) |
| **ISLAMIC SAUDI ACADEMY and** | ) |
| **THE KINGDOM OF SAUDI ARABIA** | ) |
| | ) |
| **Defendants.** | ) |

_____ )

## DEFENDANT ISLAMIC SAUDI ACADEMY'S REPLY
## <u>IN SUPPORT OF ITS MOTION TO DISMISS</u>

Mark A. Walsh
D.C. Bar No. 975134
Dewey & LeBoeuf LLP
1101 New York Ave. N.W.
Washington, D.C. 20005-4213
Telephone: (202) 346-8150
Facsimile: (202) 956-3355

Margaret A. Keane
*Pro Hac Vice*
Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225
Telephone: (650) 845 7275
Facsimile (650) 845 7333

Counsel for Defendant Islamic Saudi
Academy

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................... iii

INTRODUCTION ...............................................................................................1

ARGUMENT .......................................................................................................2

I.       Plaintiff Ignores Clearly Established Pleading Standards. ......................................2

II.      Plaintiff Fails to Address Her Lack of Standing. ....................................................3

         A.       Plaintiff Misapplies Precedent on Jurisdiction. ...........................................3

         B.       Plaintiff Misreads the Regulations Interpreting the FMLA. ........................4

         C.       Plaintiff Misunderstands the Academy's Time Calculations.......................5

III.     Plaintiff Concedes Her Title VII and Common Law Claims...................................6

         A.       Plaintiff Ignores the Supreme Court's Instruction on Rule 8. ....................6

         B.       Plaintiff Concedes Her Gender Discrimination Claim. ..............................7

         C.       Plaintiff Cannot Substitute a Wrongful Discharge Claim for Her
                  Failed Contract Claim. .................................................................................7

         D.       It Is Not Enough for Plaintiff to Argue That She "May Have"
                  Suffered Emotional Distress. .......................................................................8

         E.       Plaintiff Has Conceded Her Slander Claim. ................................................9

IV.      Plaintiff Has Conceded Her Jury Demand............................................................9

CONCLUSION..................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Adams v. High Purity Systems, Inc.*,*
No. 09-354, 2009 U.S. Dist. LEXIS 80979 (E.D. Va. July 2, 2009) ........................................3

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006) ...............................................................................................................3

*Ashcroft v. Iqbal*,*
556 U.S. ___, 129 S. Ct. 1937 (2009) ................................................................................2, 6

*Bancoult v. McNamara*,
227 F. Supp. 2d 144 (D.D.C. 2002) .........................................................................................2

*Bell Atlantic Corp. v. Twombly*,*
550 U.S. 544 (2007) ........................................................................................................1, 6, 8

*Bender v. Williamsport Area School District*,
475 U.S. 534 (1986) ...............................................................................................................3

*Chandler v. W.E. Welch & Associates*,*
533 F. Supp. 2d 94 (D.D.C. 2008) ...........................................................................................6

*Cole v. Powell*,*
605 F. Supp. 2d 20 (D.D.C. 2009) ...........................................................................................6

*Erby v. United States*,
424 F. Supp. 2d 180 (D.D.C. 2006) .........................................................................................4

*Fox v. American Airlines, Inc.*,*
389 F.3d 1291 (D.C. Cir. 2004) ......................................................................................2, 7, 9

*Haase v. Sessions*,*
835 F.2d 902 (4th Cir. 1987) ...................................................................................................3

*Lucker v. Cole Vision Corp.*,*
No. 05-00126, 2005 U.S. Dist. LEXIS 25118 (W.D. Va. Oct. 26, 2005) ................................8

*Morrison v. Amway Corp.*,
323 F.3d 920 (11th Cir. 2003) .............................................................................................2, 3

*Pitney Bowes Inc. v. USPS*,
27 F. Supp. 2d 15 (D.D.C. 1998) .............................................................................................4

*Prosser v. Federal Agricultural Mortgage Corp.*,
593 F. Supp. 2d 150 (D.D.C. 2009) .........................................................................................3

*Sewell v. Macado's, Inc.*,\*
    No. 04-00268, 2004 U.S. Dist. LEXIS 19950 (W.D. Va. October 4, 2004) ............................8

*Stephenson v. Cox*,
    223 F. Supp. 2d 119 (D.D.C. 2002) ........................................................................................2

*Tnaib v. Document Technologies, Inc.*,
    450 F. Supp. 2d 87 (D.D.C. 2006) .........................................................................................2

STATE CASES

*City of Virginia Beach v. Harris*,\*
    259 Va. 220, 523 S.E.2d 239 (2000).......................................................................................8

*Doss v. Jamco, Inc.*,
    254 Va. 362, 492 S.E.2d 441 (1997).......................................................................................7

*Vizi v. Dulles Orthopaedic Group, P.C.*,
    63 Va. Cir. 158 (2003) .............................................................................................................9

RULES

Federal Rule of Civil Procedure 8 ....................................................................................................1, 6

Federal Rule of Civil Procedure 12(b).............................................................................................3, 4

REGULATIONS

29 C.F.R. § 825.110(c)(3)........................................................................................................................4

## **INTRODUCTION**

Plaintiff Sonia Ghawanmeh's failure to adequately respond to Defendant Islamic Saudi Academy's ("Academy") arguments in support of its motion to dismiss is fatal to her claims. On the issue of her standing as an eligible employee under the Family and Medical Leave Act ("FMLA"), Plaintiff avoids the material facts presented in support of the Academy's motion to dismiss regarding the amount of time she actually worked in the relevant period. Plaintiff's declaration (the Ghawanmeh Declaration") in support of her Opposition to Motion to Dismiss (the "Opposition"), states only that she worked a certain amount of hours each day in addition to her time teaching in the classroom. Plaintiff fails to explain why that additional work was not accounted for in the Academy's calculations, which assumed far more time spent on non-classroom work each day than even Plaintiff claims. Indeed, Plaintiff's response that she worked an average of two hours each day outside the classroom is not even inconsistent with the Academy's position that she worked eight hours per day (when she actually came to work), and that less than four or five hours per day were spent in the class room.

Plaintiff responds the same way to the Academy's arguments on her other claims. Plaintiff's response largely consists of a restatement of her speculative and conclusory assertions. In many instances, Plaintiff offers neither legal authority nor even reference to her own pleadings to support her claims. In so doing, she has conceded that her claims are little more than bald, unfounded assertions that are not supported by the allegations of fact necessary to state her causes of action. This Court should not defer to Plaintiff's *ipse dixit* response.

1

## ARGUMENT

**I.      Plaintiff Ignores Clearly Established Pleading Standards.**

Federal Rule of Civil Procedure 8 requires allegations of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).  Plaintiff's Opposition entirely ignores these governing authorities.

Plaintiff's failure to even respond to many of the Academy's arguments means that she has conceded those points and the claims may be appropriately dismissed on that basis.  *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (holding that the district court did not abuse its discretion by applying a straightforward application of Local Rule 7(b) in granting as conceded the defendant's motion to dismiss when the plaintiffs failed to oppose it); *See also Tnaib v. Document Tech., Inc.*, 450 F. Supp. 2d 87, 91 (D.D.C. 2006) (citation omitted) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded."); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (dismissing various counts of complaint as conceded, noting that "[t]he court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss."); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

## II.     Plaintiff Fails to Address Her Lack of Standing.

### A.  *Plaintiff Misapplies Precedent on Jurisdiction.*

Plaintiff cites authority from the Eleventh Circuit for the proposition that this Court may not properly consider the Academy's challenge to its subject-matter jurisdiction if that challenge involves the merits of the claim.  (Opp'n at 5-7.)  Plaintiff cites *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003), in support of her argument that the question presented is "whether jurisdiction becomes intertwined with the merits of a cause of action, such that dismissal under 12(b)(1) becomes improper."  (Opp'n at 6.)  *Morrison* is neither good law nor on point.

The court in *Morrison*, 323 F.3d at 928, n.11, noted that there was a split among the Circuits on the issue of "whether challenges to employer status under federal employment statutes are strictly jurisdictional or intertwined with the merits."   The Supreme Court resolved that split in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).  There, the Court instructed: "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." *Arbaugh*, 546 U.S. at 516.  Both *Morrison* and *Arbaugh* addressed whether federal employment statutes applied to the defendant employers. That is not, however, the issue in this case.  Here, the Academy challenges Plaintiff's standing as an "eligible employee" under the FMLA.

It is beyond dispute that a defect in standing is a defect in jurisdiction.  *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Haase v. Sessions*, 835 F.2d 902, 906 (4th Cir. 1987); *Prosser v. Fed. Agric. Mortgage Corp.*, 593 F. Supp. 2d 150, 155 (D.D.C. 2009) ("Without standing, there is no subject matter jurisdiction. Without subject matter jurisdiction, the complaint must be dismissed").[1]  Accordingly, this Court may properly consider on a Rule 12(b) motion whether a plaintiff worked enough hours to have FMLA standing, as have other

---

[1] Determination of this issue on a Rule 12(b) motion is, therefore, entirely consistent with *Arbaugh*.

courts faced with that question. *See Adams v. High Purity Sys., Inc.*, No. 09-354, 2009 U.S. Dist. LEXIS 80979, at *23 (E.D. Va. July 2, 2009) (Dismissing FMLA claim for plaintiff's failure to plead she was an eligible employee where complaint did not state she worked requisite number of hours.).[2]

### B.   Plaintiff Misreads the Regulations Interpreting the FMLA.

Plaintiff's reliance on 29 C.F.R. § 825.110(c)(3) is misplaced and is founded on an incomplete reading of that regulation.  The text Plaintiff relies on to argue that the Academy has the burden to prove that she did not work sufficient hours is set forth at page 2 of her Opposition:

> An employer must be able to clearly demonstrate, for example, that full-time teachers (see § 825.800 for definition) of an elementary or secondary school system, or institution of higher education, or other educational establishment or institution (who often work outside the classroom or at their homes) did not work 1,250 hours during the previous 12 months in order to claim that the teachers are not eligible for FMLA leave.

Plaintiff fails to consider the sentence of the regulation that immediately precedes this language.  It provides:

> *In the event an employer does not maintain an accurate record of hours worked by an employee*, including for employees who are exempt from FLSA's requirement that a record be kept of their hours worked (e.g., bona fide executive, administrative, and professional employees as defined in FLSA Regulations, 29 CFR part 541), the employer has the burden of showing that the employee has not worked the requisite hours.

29 C.F.R. § 825.110(c)(3) (emphasis added).

The Declaration of Nadia Yousef In Support of Motion to Dismiss (the "Yousef Declaration"), proves that the Academy met its record-keeping obligation.  (*See* Yousef Decl. ¶¶ 19-20 & 29.)  Accordingly, the burden remains with Plaintiff to prove her FMLA eligibility.  *See Pitney Bowes Inc. v. USPS*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998) (Under Rule 12(b)(1), "[t]he

---

[2] The Academy notes that even after it challenged the total number of hours worked by Plaintiff with the Yousef Declaration, the declaration filed in support of her opposition states only the non-classroom time that Plaintiff claims to have worked.  There is still neither an allegation nor a declaration that Plaintiff worked the requisite 1,250 hours. She presents only her unsupported argument that she did so.

plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence."); *accord Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).  Plaintiff's assertion, at page 5 of her Opposition, that "the law presumes that a full-time teacher meets the 1,250 hour threshold" is, therefore, plainly wrong.

### C.  Plaintiff Misunderstands the Academy's Time Calculations.

Plaintiff argues that the Academy's method of calculating her time worked is inaccurate and that the Academy contends that only the hours when Plaintiff was actually on the Academy's premises should be counted.  This is not the case.  The Academy began its calculation by referring to the number of days that the teaching staff worked in the relevant time period to identify the maximum number of days that Plaintiff could possibly have worked.  (*See* Yousef Decl. ¶ 13.)  As reflected in Plaintiff's contract, the teaching staff agreed to work up to 200 days per school year.  (*See* Yousef Decl. ¶ 13.)  The actual number of work days is only 194 and consists of 181 instruction days and 13 days reserved for orientation, teacher conferences, and other professional activities.  (Yousef Decl. ¶ 13.)

The Academy then assumed eight hours of work per day for each teacher, even though most teachers teach only four or five 50-minute periods in any school day.  (Yousef Decl. ¶ 14.) The remainder of the eight hours is available to teachers to perform their non-classroom responsibilities such as "lesson plans, and correcting papers, homework and examinations." (Yousef Decl. ¶ 14.)[3]  Thus, the Academy assumed three to four hours each day for exactly the type of activity described in the Ghawanmeh Declaration.  (*Compare* Yousef Decl. ¶ 14 *with* Ghawanmeh Decl.)  Indeed, Ghawanmeh's Declaration establishes that the Academy was generous in its assumptions regarding the non-teaching time that Plaintiff actually worked in the

---

[3] Plaintiff incorrectly asserts in her Opposition at page 4 that: "Nothing in the Yousef declaration attempts to explain how and where a teacher would be expected to complete, *inter alia*, lesson plans and grading."

year prior to her employment.  Ghawanmeh claims only approximately two additional hours per day of work.  (*See* Ghawanmeh Decl.)  She fails to explain why those two hours are not included within the three to four hours of non-teaching time assumed by the Academy in its calculation for each day worked.

Having assumed that Plaintiff was working eight hours per day, the Academy then identified how many of the total possible number of 194 days that Plaintiff actually attended work.  (*See* Yousef Decl. ¶¶ 13, 15, & 44.)  Plaintiff worked only 142 days in the 12 months before December 18, 2008.  (*See* Yousef Decl. ¶ 44.)  The Academy's number of 1,107 hours worked was arrived at by subtracting the time that Plaintiff missed from work on days she actually attended, assuming that she worked eight hours per day.  (*See* Yousef Decl. ¶ 44.)  If one looks at only the 142 days Plaintiff was not absent, and the time she lost from work on those days is not considered, the total comes to no more than 1,136 hours at a rate of eight hours per day.  (Yousef Decl. ¶ 44.)  Thus, even if no deductions are taken for Plaintiff's several early departures and late arrivals, Plaintiff could have worked no more than 1,136 hours in the relevant time period.  (*See* Yousef Decl. ¶ 44.)

### III.  Plaintiff Concedes Her Title VII and Common Law Claims.

#### A.  *Plaintiff Ignores the Supreme Court's Instruction on Rule 8.*

Plaintiff has not offered any authority in response to the Academy's arguments that she has failed to adequately plead her claims.  She cites only the text of Rule 8.  (Opp'n. at 8.)  This does not respond to the abundant case law cited by the Academy that shows what the elements of her claims are and what she has to allege to state them.  Remarkably, Plaintiff entirely ignores the recent decisions of the Supreme Court stating unambiguously that Rule 8 requires allegations of "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*, 550 U.S. at 570; *see Ashcroft*, 129 S. Ct. at 1949.  (Mere recitation of elements of claim

is insufficient and warrants dismissal).  Nor has Plaintiff responded to the cases cited by the

Academy that apply the principles articulated in *Bell Atl. Corp.* to employment discrimination

claims.  *See, e.g.*, *Cole v. Powell*, 605 F. Supp. 2d 20, 23 (D.D.C. 2009) (plaintiff charging

discrimination must allege "enough to raise a right to relief above the speculative level . . . on

the assumption that all the allegations of the complaint are true (even if doubtful in fact).")

(internal quotations and citations omitted); *Chandler v. W.E. Welch & Assocs.*, 533 F. Supp. 2d

94, 102 (D.D.C. 2008) (dismissing employment discrimination claim because allegations were

conclusory and unsupported by facts).

### B.  *Plaintiff Concedes Her Gender Discrimination Claim.*

Plaintiff has also entirely failed to respond to the Academy's argument that her gender

discrimination claim is barred because she did not include it in her EEOC charge.  (*See* Mem. at

16-17.)  Plaintiff has thus conceded that claim and it should be dismissed.  *See Fox*, 389 F.3d at

1294-95.

### C.  *Plaintiff Cannot Substitute a Wrongful Discharge Claim for Her Failed Contract Claim.*

Plaintiff effectively concedes that her employment was at-will, but argues that she

nonetheless has a claim because her termination was in violation of public policy:  "Defendants

would be correct if Plaintiff was not alleging that the termination was pretextual, and in

retaliation for exercising her rights under the FMLA."  (Opp'n at 9.)  This argument fails for

several reasons.

First, Virginia law does not recognize a wrongful discharge claim in these

circumstances.  In considering claims of unlawful discrimination in violation of Title VII and

the parallel Virginia statute, the Virginia Supreme Court held that the legislature "manifested an

intent to abrogate the common law with respect to causes of action for unlawful termination of

employment based on the public policies reflected in" the Virginia anti-discrimination statute and held that a common law cause of action based on public policies was prohibited. *Doss v. Jamco, Inc.*, 254 Va. 362, 372, 492 S.E.2d 441, 447 (1997). This reasoning equally applies here to the public policy concerns, the exercise of FMLA rights and membership in a class protected by Title VII (Opp'n at 9), on which Plaintiff relies to argue that her termination was wrongful.

Second, the Virginia Supreme Court has emphasized that the public policy exception to the employment-at-will doctrine is a "narrow" exception. *See Sewell v. Macado's, Inc.*, No. 04-00268, 2004 U.S. Dist. LEXIS 19950, at *12 (W.D. Va. Oct. 4, 2004) (citing *City of Virginia Beach v. Harris*, 259 Va. 220, 232, 523 S.E.2d 239, 245 (2000)). It does not apply to violations of only private rights or interests. *See Lucker v. Cole Vision Corp.*, No. 05-00126, 2005 U.S. Dist. LEXIS 25118, at *9 (W.D. Va. Oct. 26, 2005) (internal quotations and citations omitted). Plaintiff complains of nothing more than a violation of her private rights under the FMLA and Title VII. She thus has no claim cognizable under Virginia law for termination in violation of public policy.

       D.   *It Is Not Enough for Plaintiff to Argue That She "May Have" Suffered Emotional Distress.*

Plaintiff's cursory response to the Academy's arguments in support of dismissal of her emotional distress claims comes down to the following: "At this stage, the Court must accept as true all the allegations of the Amended Complaint. If it finds that Plaintiff *may have* indeed suffered emotional distress, dismissal is improper." (Opp'n at 10 (emphasis added).) Plaintiff is wrong, she must do more than allege that she "may have suffered emotional distress," she must plead facts, which if proven, would *show* that she had. Allegations that a plaintiff "may have" suffered harm are exactly the kind of speculation that the Supreme Court proscribed in *Bell Atl. Corp.*.

8

> ### E. *Plaintiff Has Conceded Her Slander Claim.*

Plaintiff fails to respond to the Academy's arguments that she has not alleged statements that are capable of being proven false and defamatory. (Mem. at 23.) She argues instead that she need not plead the precise words of the alleged defamatory statement. (Opp'n at 10-11.) This response misses the remaining points of the Academy's arguments. The Complaint not only fails to plead the defamatory statements *in haec verba*, as required by Virginia law. *See Vizi v. Dulles Orthopaedic Group, P.C.*, 63 Va. Cir. 158 (2003). The Complaint does not even allege sufficient facts that state a claim of defamation generally. The only fact alleged is that the Academy has made "disparaging remarks about Plaintiff's competence as a teacher." (Compl. ¶ 45.) This describes nothing more than a statement of opinion and, at most, consists of speculation that the statement asserted facts and that the facts were untrue.

## IV.    Plaintiff Has Conceded Her Jury Demand.

Plaintiff fails to respond to the Academy's argument that, as an instrumentality of the Kingdom of Saudia Arabia, it cannot be tried before a jury. (Mem. at 24.) Since Plaintiff has thereby conceded this point, her claim for a jury trial should be stricken. *See Fox*, 389 F.3d at 1294-95.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss with prejudice the claims

asserted against Defendant Islamic Saudi Academy.

Respectfully submitted,

| | |
|---|---|
| /s/ Margaret A. Keane | /s/ Mark A. Walsh |
| Margaret A. Keane | Mark A. Walsh |
| *Pro Hac Vice* | D.C. Bar No. 975134 |
| Dewey & LeBoeuf LLP | Dewey & LeBoeuf LLP |
| 1950 University Avenue, Suite 500 | 1101 New York Avenue, NW |
| East Palo Alto, CA 94303-2225 | Washington, DC 20005 |
| Telephone: (650) 845 7275 | Telephone (202) 346-8150 |
| Facsimile (650) 845 7333 | Facsimile (202) 956-3355 |
| mkeane@dl.com | mark.walsh@dl.com |

Counsel for The Islamic Saudi Academy