## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SONIA GHAWANMEH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISLAMIC SAUDI ACADEMY | ) | CIVIL NO.: 1:09-cv-00631-JMF |
| | ) | |
| and | ) | |
| | ) | |
| THE KINGDOM OF SAUDI ARABIA, | ) | |
| A FOREIGN NATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### ANSWER OF DEFENDANT ISLAMIC SAUDI ACADEMY
### TO AMENDED COMPLAINT

DEFENDANT Islamic Saudi Academy (the "Academy") hereby Answers the Amended

Complaint filed by Plaintiff Sonia Ghawanmeh ("Plaintiff") on June 26, 2009.

### INTRODUCTION

The Academy answers the Amended Complaint as to those Counts that were not

dismissed by the Court in its November 27, 2009 Order on the Academy's Motion to Dismiss

and as to the allegations that are relevant to Plaintiff's surviving claims.  The Academy answers

for itself and only as to allegations made against it.  The named defendant, The Kingdom of

Saudi Arabia (the "KSA"), has not appeared in this action and, on information and belief, has

never been served with the complaint filed by Plaintiff on April 6, 2009 (the "Original

Complaint") or with the Amended Complaint.

### RESPONSES TO ALLEGATIONS

The Academy responds to each paragraph of the Amended Complaint as follows:

1.  Plaintiff's FMLA claim has been dismissed and, therefore, no responsive pleading by the Academy is required.  To the extent a response is required, the Academy denies the allegations of paragraph 1 of the Amended Complaint.

2.  Plaintiff's Title VII claim for gender discrimination has been dismissed and, therefore, no responsive pleading by the Academy as to those allegations is required.  To the extent a response is required, the Academy denies the allegations of paragraph 2 of the Amended Complaint.

3.  The Academy denies the allegations of paragraph 3 of the Amended Complaint.

4.  Plaintiff's slander and emotional distress claims have been dismissed and, therefore, no responsive pleading by the Academy as to those allegations is required.  To the extent a response is required, the Academy denies the allegations of paragraph 4 of the Amended Complaint.

5.  Plaintiff's FMLA, Title VII gender discrimination, slander, and emotional distress claims have been dismissed and, therefore, no responsive pleading by the Academy as to those allegations is required.  To the extent a response is required, the Academy denies the allegations of paragraph 5 of the Amended Complaint.

6.  Plaintiff's FMLA, Title VII gender- discrimination, slander and emotional distress claims have been dismissed and, therefore, no responsive pleading by the Academy as to those allegations is required.  To the extent a response is required, the Academy denies the allegations of paragraph 6 of the Amended Complaint.

7.  The Academy admits the allegations of paragraph 7 of the Amended Complaint.

8.  The Academy admits the allegations of paragraph 8 of the Amended Complaint.

9.   The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 9 of the Amended Complaint.

10.   The Academy admits the allegations of paragraph 10 of the Amended Complaint.

11.   The Academy admits that it is an instrumentality of the KSA, that it operates a full-time school located in Alexandria, Virginia, and that student and most staff positions at the Academy are open to the general public.  The Academy denies the remaining allegations of paragraph 11 of the Amended Complaint.

12.   Paragraph 12 of the Amended Complaint states conclusions of law to which no responsive pleading by the Academy is required.  To the extent a response is required, the Academy denies the allegations of this paragraph.

13.   The Academy admits that it operates a full-time school and that it is an instrumentality of the KSA.  The Academy denies the remaining allegations of paragraph 13 of the Amended Complaint.

14.   On information and belief, the Academy admits that Exhibit 1 is a "right to sue" letter issued by the Equal Employment Opportunity Commission.  The remainder of Paragraph 14 of the Amended Complaint states conclusions of law to which no responsive pleading by the Academy is required.

15.   The Academy admits, upon information and belief, that Plaintiff is of Jordanian national origin and that she was a lawful permanent resident of the United States while she was employed by the Academy.  The Academy is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 15 of the Amended Complaint.

16. The Academy admits that Plaintiff was hired as a full-time girls' elementary school teacher in 2000 and that it operates separate girls' and boys' schools. The Academy denies the remaining allegations of paragraph 16 of the Amended Complaint.

17. The Academy admits the allegations of paragraph 17 of the Amended Complaint.

18. The Academy admits the allegations of paragraph 18 of the Amended Complaint.

19. The Academy admits that it entered into a series of annual employment contracts with Plaintiff from 2000 through 2008 and denies the remaining allegations of paragraph 19 of the Amended Complaint.

20. The Academy admits the allegations of paragraph 20 of the Amended Complaint.

21. The Academy denies the allegations of paragraph 21 of the Amended Complaint.

22. The Academy admits the allegations of paragraph 22 of the Amended Complaint.

23. The Academy denies the allegations of paragraph 23 of the Amended Complaint.

24. The Academy states that Plaintiff's written request for leave is dated June 10, 2008 and reflects a request for leave from June 12 through June 27, 2008, and admits the remaining allegations of paragraph 24 of the Amended Complaint.

25. The Academy admits the allegations of paragraph 25 of the Amended Complaint.

26. The Academy admits the allegations of paragraph 26 of the Amended Complaint.

27. The Academy admits that Plaintiff taught Islamic studies from the time she was first hired by the Academy until the 2007-2008 academic year when she was assigned to other classes, including teaching Arabic as a Second Language. The Academy denies the remaining allegations of paragraph 27 of the Amended Complaint.

28. The Academy is without knowledge or information sufficient to admit or deny that Plaintiff had never taught in English before the 2008-2009 academic year. The Academy denies

the remaining allegations of paragraph 28 of the Amended Complaint.  Further answering, the Academy states that it was Plaintiff's responsibility to maintain an organized classroom setting.

29.  The Academy admits the allegations of paragraph 29 of the Amended Complaint. Further answering, the Academy states that Plaintiff failed to follow established procedures for applying for a leave, despite her full knowledge of these procedures as demonstrated by her compliance with the procedures when making her previous leave requests.

30.  The Academy admits the allegations of paragraph 30 of the Amended Complaint.

31.  The Academy admits the allegations of paragraph 31 of the Amended Complaint. Further answering, the Academy states that Plaintiff failed to follow established procedures for applying for a leave, despite her full knowledge of these procedures as demonstrated by her compliance with the procedures when making her previous leave requests.

32.  The Academy admits that it denied Plaintiff's December 18, 2008 request for leave in writing and denies the remaining allegations of paragraph 32 of the Amended Complaint.

33.  The Academy admits that it granted requests made by other employees for leave during December 2008.  The Academy denies the remaining allegations of paragraph 33 of the Amended Complaint.

34.  The Academy admits that, on or about December 19, 2008, it informed Plaintiff in writing that her request for a leave was denied and that it gave the letter to Plaintiff's daughter to deliver to Plaintiff by hand.  The Academy denies the remaining allegations of paragraph 34 of the Amended Complaint.

35.  The Academy admits that Plaintiff took time off from work on and after December 18, 2009, three days before the Academy's winter break, and is without knowledge or

information sufficient to admit or deny the remaining allegations of paragraph 35 of the Amended Complaint.

36.  The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 36 of the Amended Complaint.

37.  The Academy admits the allegations of paragraph 37 of the Amended Complaint.

38.  The Academy admits the allegations of paragraph 38 of the Amended Complaint.

39.  The Academy is without knowledge or information sufficient to admit or deny the allegation as to when Plaintiff received Exhibit 4, and admits the allegations of paragraph 39 of the Amended Complaint.

40.  The Academy denies the allegations of paragraph 40 of the Amended Complaint.

41.  The Academy denies the allegations of paragraph 41 of the Amended Complaint.

42.  The Academy admits that the KSA Ambassador to the United States is the president of the Academy's Board of Trustees and denies the remaining allegations of paragraph 42 of the Amended Complaint.

43.  The Academy denies the allegations of paragraph 43 of the Amended Complaint.

44.  The Academy denies the allegations of paragraph 44  of the Amended Complaint.

45.  The Academy denies the allegations of paragraph 45 of the Amended Complaint.

46.  The Academy denies the allegations of paragraph 46 of the Amended Complaint.

47.  The Academy denies the allegations of paragraph 47 of the Amended Complaint.

48.  The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 48 of the Amended Complaint.

49.  Count I of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

50. The Academy denies the allegations of paragraph 50 of the Amended Complaint.

51. The Academy denies the allegations of paragraph 51 of the Amended Complaint.

52. The Academy is without knowledge or information sufficient to admit or deny what was known to the KSA and denies the remaining allegations of paragraph 52 of the Amended Complaint.

53. Count I of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

54. The Academy denies the allegations of paragraph 54 of the Amended Complaint.

55. The Academy denies the allegations of paragraph 55 of the Amended Complaint.

56. The Academy is without knowledge or information sufficient to admit or deny what is known to the KSA and denies the remaining allegations of paragraph 56 of the Amended Complaint.

57. The Academy denies the allegations of paragraph 57 of the Amended Complaint.

58. The Academy admits that it had a contract with Plaintiff and states that the remaining allegations of paragraph 58 of the Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Academy denies those allegations.

59. The Academy admits that it terminated Plaintiff effective December 18, 2008, the last day on which she attended work.

60. The Academy denies the allegations of paragraph 60 of the Amended Complaint.

61. The allegations of paragraph 61 of the Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Academy denies those allegations.

62.  The Academy admits that its contract with Plaintiff was for a term ending on August 31, 2009 and that Plaintiff was terminated effective December 18, 2008 and denies the allegations of paragraph 62 of the Amended Complaint.

63.  The allegations of paragraph 63 of the Amended Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Academy denies those allegations.

64.  The Academy admits that the salaries and expenses of certain of its personnel are paid directly by the KSA Ministry of Education and that the KSA provides financial support to the Academy.  The Academy denies the remaining allegations of paragraph 64 of the Amended Complaint.

65.  Paragraph 65 of the Amended Complaint states conclusions of law to which no responsive pleading by the Academy is required.  To the extent a response is required, the Academy denies the allegations of this paragraph.

66.  Count IV of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

67.  Count IV of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

68.  Count IV of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

69.  Count IV of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

70.  Count IV of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

71. Count V of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required.

72. Count V of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required

73. Count V of the Amended Complaint has been dismissed and, therefore, no responsive pleading by the Academy is required

74. The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 74 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the Academy denies each and every allegation of Plaintiff's claims. The Academy reserves the right to amend its Answer and to assert additional affirmative defenses following discovery of the relevant facts.

### First Defense

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, because they are not ripe.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because they are moot.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show that the Academy harmed her.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by her unclean hands.

Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or
estoppel.

Eighth Defense

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and
repose.

Ninth Defense

Plaintiff's claims are barred in whole or in part because of Plaintiff's own negligence or
actual knowledge.

Tenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her
damages.

Dated:  December 21, 2009

Respectfully submitted,

DEWEY & LEBOEUF LLP

/s/ Margaret A. Keane
Margaret A. Keane
*Pro Hac Vice*
Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225
(650) 845-7275
(650) 845-7333 fax
mkeane@dl.com

/s/ Mark A. Walsh
Mark A. Walsh
D.C. Bar No. 975134
Dewey & LeBoeuf LLP
1101 New York Avenue NW
Washington, D.C. 20005-4213
(202) 346-8150
(202) 956-3355 fax
mark.walsh@dl.com

Counsel for Defendant Islamic Saudi
Academy