IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONIA GHAWANMEH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-00631 – JMF |
| ) | |
| ISLAMIC SAUDI ACADEMY and ) | |
| THE KINGDOM OF SAUDI ARABIA ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ISLAMIC SAUDI ACADEMY'S MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Mark A. Walsh
D.C. Bar No. 975134
Dewey & LeBoeuf LLP
1101 New York Ave. N.W.
Washington, D.C. 20005-4213
Telephone: (202) 346-8150
Facsimile: (202) 956-3355

Margaret A. Keane
*Pro Hac Vice*
Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225
Telephone: (650) 845 7275
Facsimile (650) 845 7333

Counsel for ISLAMIC SAUDI ACADEMY

Defendant Islamic Saudi Academy (the "Academy") submits this memorandum in opposition to the Motion for Leave to File Amended Complaint filed by Plaintiff Sonia Ghawanmeh ("Plaintiff") on December 18, 2009.

## ARGUMENT

The United States Supreme Court has clearly established that a court may deny leave to amend on the grounds of "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Academy has suffered significant prejudice as a result of Plaintiff's repeated failures to adequately plead her claims and will be further prejudiced if Plaintiff is permitted leave to amend yet again. The Academy has already suffered the burden and expense of having to prepare and file two successive motions to dismiss and an answer to Plaintiff's claims. On June 18, 2009, the Academy moved to dismiss the original complaint filed in this action on April 6, 2009, which failed to adequately plead Plaintiff's FMLA claim. Rather than oppose the Academy's motion, on June 29, 2009, Plaintiff filed her first amended complaint (the "Amended Complaint"), which failed to amend or cure the pleadings as to her FMLA claim, even though the Academy's June 8, 2009 motion had demonstrated that the FMLA claim was deficient. The Academy then moved again, on August 7, 2009, to dismiss the Amended Complaint. On November 27, 2009, the Court entered an order (the "Order") dismissing most of Plaintiff's claims, including the deficient FMLA claim. The motion to amend should be denied because of Plaintiff's repeated failures to cure the deficiencies in her original complaint.

*The Academy Will Be Unfairly Prejudiced With Unnecessary Expense.*

Plaintiff now asks the Court for yet another bite at the apple and seeks leave to file a second amended complaint to cure the deficiencies in the FMLA claims that she failed to address in her first amendment. Allowing Plaintiff to amend yet again will impose on the Academy the unfair burden and expense of having to prepare and file pleadings to respond to claims that the Court has previously dismissed. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (motion to amend should be denied if it results in prejudice to non-moving party). Such an outcome would be even more egregious because the Academy has already prepared, and filed on December 21, 2009, its answer to the claims in the Amended Complaint that survived the Court's Order (the "Answer"). The time and expense borne by the Academy in filing its previous motions to dismiss and in answering the Amended Complaint will be rendered worthless if the Academy must begin again with a defense of a second amended complaint.

The prejudice to the Academy that would result from allowing Plaintiff to amend again will be particularly unfair because Plaintiff could have avoided some of the Academy's expenses if she had simply complied with the Court's rules. Local Rule L.Civ.R. 7(m) clearly requires that a party confer with all other parties before filing any non-dispositive motion. Plaintiff did not do so here. It is beyond dispute, however, that Plaintiff was preparing and intending to submit the motion for leave to amend long before she filed it on December 18, 2009. Plaintiff was also well aware that the Academy was working diligently to prepare its Answer and even consented to the Academy's request for additional time to file it. If Plaintiff had acted in accordance with the Court's rules, Plaintiff would have informed counsel for the Academy when she decided to seek to further amend, or at least when the Academy requested that she agree to additional time for the Academy to file its Answer. The Academy could have mitigated the cost

of preparing and filing the Answer by requesting a further extension of the time to do so until after disposition of the motion for leave to amend.  Without such an opportunity, the Academy was forced to prepare and timely file its Answer by December 21, 2009, as required by the Court.

> *The Proposed Amendment Of Plaintiff's Slander Claim Would Be Futile Because It Fails To Cure The Flaws Identified In This Court's Order of Dismissal.*

Amendment of the Plaintiff's slander claim should not be allowed because it would be futile.  *Nourison Rug*, 535 F.3d at 298 (motion to amend should be denied if amendment would be futile).  Plaintiff purports to cure the deficiencies of her slander claim by adding allegations of statements of opinion made by "a senior school official" to other employees of the Academy and by promising to supply a "Bill of Particulars" with details of other defamatory statements, presumably after discovery.  The alleged statements do not constitute actionable slander for two reasons.  First, they are quintessential expressions of opinion and are not statements of fact that could be proven to be false.  *See Jordan v. Kollman*, 269 Va. 569, 575-576, 612 S.E.2d 203, 206 (Va. 2005) ("statements of opinion are generally not actionable because such statements cannot be objectively characterized as true or false"); *Yeagle v. Collegiate Times*, 225 Va. 293, 497 S.E. 2d 136, 137 (Va. 1998) ("Speech that does not contain a provably false fact, or a statement which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation claim.")

Second, the allegations describe no more than statements by a supervisor concerning an employee's performance or ability that were made within the Academy and not to third persons such as potential employers.  Under Virginia law, statements transmitted within a corporate entity between persons with a duty and interest in the subject matter are protected by a qualified privilege "which shields the defendants from liability" even if the statements are false.  *Larimore*

4

*v. Blaylock*, 259 Va. 568, 528 S.E.2d 122, 123 (Va. 2000).  Thus, even accepting Plaintiff's allegations as to the statements as true, they are not sufficient to establish an actionable claim for defamation under Virginia law.

The Academy should not be required to respond to yet another amended complaint, which on its face is flawed, and the Court's resources should not be squandered in adjudicating that response.

## **CONCLUSION**

For the reasons set forth above, the Islamic Saudi Academy respectfully requests that the Court deny Plaintiff's Motion For Leave To File Amended Complaint.

                      Respectfully submitted,

| | |
|---|---|
| Margaret A. Keane | /s/ Mark A. Walsh |
| *Pro Hac Vice* | Mark A. Walsh |
| Dewey & LeBoeuf LLP | D.C. Bar No. 975134 |
| 1950 University Avenue, Suite 500 | Dewey & LeBoeuf LLP |
| East Palo Alto, CA 94303-2225 | 1101 New York Avenue, NW |
| Telephone: (650) 845 7275 | Washington, DC 20005 |
| Facsimile (650) 845 7333 | Telephone (202) 346-8150 |
| mkeane@dl.com | Facsimile (202) 956-3355 |
| | mark.walsh@dl.com |

                      Counsel for ISLAMIC SAUDI ACADEMY