**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SONIA GHAWANMEH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISLAMIC SAUDI ACADEMY | ) | CIVIL NO.: 1:09-cv-00631-JMF |
| | ) | |
| and | ) | |
| | ) | |
| THE KINGDOM OF SAUDI ARABIA, | ) | |
| A FOREIGN NATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**ANSWER OF DEFENDANT ISLAMIC SAUDI ACADEMY
TO SECOND AMENDED COMPLAINT**

DEFENDANT Islamic Saudi Academy (the "Academy") hereby Answers the Second

Amended Complaint (the "SAC") filed by Plaintiff Sonia Ghawanmeh ("Plaintiff") on December

18, 2009.

**INTRODUCTION**

The Academy answers the SAC for itself and only as to allegations made against it.  The

named defendant, The Kingdom of Saudi Arabia (the "KSA"), has not appeared in this action

and, on information and belief, has never been served with any complaint filed by Plaintiff in this

action, including the SAC.

**RESPONSES TO ALLEGATIONS**

The Academy responds to each paragraph of the SAC as follows:

1.  The Academy denies the allegations of paragraph 1 of the SAC.

2.  The Academy denies the allegations of paragraph 2 of the SAC.

3.  The Academy denies the allegations of paragraph 3 of the SAC.

4.  The Academy denies the allegations of paragraph 4 of the SAC.

5.  The Academy denies the allegations of paragraph 5 of the SAC.

6.  The Academy denies that Plaintiff is entitled to any relief and denies any factual allegations of paragraph 6 of the SAC.

7.  The Academy admits the allegations of paragraph 7 of the SAC.

**JURISDICTION AND VENUE**

8.  The Academy admits the allegations of paragraph 8 of the SAC.

9.  The Academy admits that it employed Plaintiff as a full-time schoolteacher and is without knowledge or information sufficient to admit or deny the allegations of paragraph 9 of the SAC.

**PARTIES**

10.  The Academy admits the allegations of paragraph 10 of the SAC.

11.  The Academy admits that it is an instrumentality of the KSA, that it operates a full-time school located in Alexandria, Virginia, and that student and most staff positions at the Academy are open to the general public.  The Academy denies the remaining allegations of paragraph 11 of the SAC.

12.  Paragraph 12 of the SAC states conclusions of law to which no responsive pleading by the Academy is required.  To the extent a response is required, the Academy denies the allegations of this paragraph.

13.  The Academy admits that it operates a full-time school and that it is an instrumentality of the KSA.  The Academy denies the remaining allegations of paragraph 13 of the SAC.

14. Paragraph 14 of the SAC states a conclusion of law to which no responsive pleading by the Academy is required. To the extent a response is required, the Academy denies the allegations of this paragraph

15. On information and belief, the Academy admits that Exhibit 1 is a "right to sue" letter issued by the Equal Employment Opportunity Commission. The remainder of Paragraph 15 of the SAC states conclusions of law to which no responsive pleading by the Academy is required.

16. The Academy admits, upon information and belief, that Plaintiff is of Jordanian national origin and that she was a lawful permanent resident of the United States while she was employed by the Academy. The Academy is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 16 of the SAC.

17. The Academy admits that Plaintiff was hired as a full-time girls' elementary school teacher in 2000 and that it operates separate girls' and boys' schools. The Academy denies the remaining allegations of paragraph 17 of the SAC.

18. The Academy admits the allegations of paragraph 18 of the SAC.

19. The Academy admits that it entered into a series of annual employment contracts with Plaintiff from 2000 through 2008 and denies the remaining allegations of paragraph 19 of the SAC.

20. The Academy denies the allegations of paragraph 20 of the SAC.

21. The Academy admits the allegations of paragraph 21 of the SAC.

22. The Academy denies the allegations of paragraph 22 of the SAC.

23. The Academy admits the allegations of paragraph 23 of the SAC.

24. The Academy denies the allegations of paragraph 24 of the SAC.

25.  The Academy states that Plaintiff's written request for leave is dated June 10, 2008 and reflects a request for leave from June 12 through June 27, 2008.  The Academy admits that Plaintiff was granted that requested leave and denies the remaining allegations of paragraph 25 of the SAC.

26.  The Academy admits the allegations of paragraph 26 of the SAC.

27.  The Academy admits the allegations of paragraph 27 of the SAC.

28.  The Academy admits that Plaintiff taught Islamic studies from the time she was first hired by the Academy until the 2008-2009 academic year when she was assigned to other classes, including teaching Arabic as a Second Language.  Further answering, the Academy states that Plaintiff was hired as a teacher and the Academy retained its discretion to assign the subjects that Plaintiff would teach in accordance with the Academy's needs.  The Academy denies the remaining allegations of paragraph 28 of the SAC.

29.  The Academy is without knowledge or information sufficient to admit or deny that Plaintiff had never taught in English before the 2008-2009 academic year.  The Academy denies the remaining allegations of paragraph 29 of the SAC.  Further answering, the Academy states that it was Plaintiff's responsibility to maintain an organized classroom setting.

30.  The Academy admits the allegations of paragraph 30 of the SAC.  Further answering, the Academy states that Plaintiff failed to follow established procedures for applying for a leave, despite her full knowledge of these procedures as demonstrated by her compliance with the procedures when making her previous leave requests.

31.  The Academy admits the allegations of paragraph 31 of the SAC.

32.  The Academy admits the allegations of paragraph 32 of the SAC.  Further answering, the Academy states that Plaintiff failed to follow established procedures for applying for a leave,

despite her full knowledge of these procedures as demonstrated by her compliance with the procedures when making her previous leave requests.

33.  The Academy admits that it denied Plaintiff's December 18, 2008 request for leave in writing and denies the remaining allegations of paragraph 33 of the SAC.

34.  The Academy admits that it granted requests made by other employees for leave during December 2008.  The Academy denies the remaining allegations of paragraph 34 of the SAC.

35.  The Academy admits that, on or about December 19, 2008, it informed Plaintiff in writing that her request for a leave was denied and that it gave the letter to Plaintiff's daughter to deliver to Plaintiff by hand.  The Academy denies the remaining allegations of paragraph 35 of the SAC.

36.  The Academy admits that Plaintiff took time off from work on and after December 18, 2009, three days before the Academy's winter break, and is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 36 of the SAC.

37.  The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 37 of the SAC.

38.  The Academy admits the allegations of paragraph 38 of the SAC.

39.  The Academy admits the allegations of paragraph 39 of the SAC.

40.  The Academy is without knowledge or information sufficient to admit or deny the allegation as to when Plaintiff received Exhibit 4, and admits the remaining allegations of paragraph 40 of the SAC.

41.  The Academy denies the allegations of paragraph 41 of the SAC.

42.  The Academy denies the allegations of paragraph 42 of the SAC.

43. The Academy is without knowledge or information sufficient to admit or deny what is or was known to the KSA and denies the remaining allegations of paragraph 43 of the SAC.

44. The Academy denies the allegations of paragraph 44 of the SAC.

45. The Academy denies the allegations of paragraph 45  of the SAC.

46. The Academy denies the allegations of paragraph 46 of the SAC.

47. The Academy is without knowledge or information sufficient to admit or deny what is or was known to the KSA and denies the remaining allegations of paragraph 47 of the SAC.

48. The Academy denies the allegations of paragraph 48 of the SAC.

49. The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 49 of the SAC.

## COUNT I VIOLATION OF FMLA

50. The Academy denies the allegations of paragraph 50 of the SAC.

51. The Academy admits the allegations of paragraph 51 of the SAC.

52. The Academy admits the allegations of paragraph 52 of the SAC.

53. The Academy denies the allegations of paragraph 53 of the SAC.

54. The Academy denies the allegations of paragraph 54 of the SAC.

55. The Academy denies the allegations of paragraph 55 of the SAC.

56. The Academy is without knowledge or information sufficient to admit or deny what is or was known to the KSA and denies the remaining allegations of paragraph 56 of the SAC.

57. The Academy denies the allegations of paragraph 57 of the SAC.

## COUNT II VIOLATION OF TITLE VII

58. The Academy denies the allegations of paragraph 58 of the SAC.

59. The Academy denies the allegations of paragraph 59 of the SAC.

60. The Academy denies the allegations of paragraph 60 of the SAC.

61. The Academy denies the allegations of paragraph 61 of the SAC.

62. The Academy denies the allegations of paragraph 62 of the SAC.

63. The Academy is without knowledge or information sufficient to admit or deny what is or was known to the KSA and denies the remaining allegations of paragraph 63 of the SAC.

64. The Academy denies the allegations of paragraph 64 of the SAC.

## COUNT III BREACH OF CONTRACT

65. The Academy admits that it had a contract with Plaintiff and states that the remaining allegations of paragraph 65 of the SAC are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Academy denies those allegations.

66. The Academy admits that it terminated Plaintiff effective December 18, 2008, the last day on which she attended work.

67. The Academy denies the allegations of paragraph 67 of the SAC.

68. The Academy denies the allegations of paragraph 68 of the SAC.

69. The Academy denies the allegations of paragraph 69 of the SAC.

70. The Academy admits that its contract with Plaintiff was for a term ending on August 31, 2009 and that Plaintiff was terminated effective December 18, 2008 and denies the allegations of paragraph 70 of the SAC.

71. The allegations of paragraph 71 of the SAC state a conclusion of law to which no responsive pleading is required. To the extent a response is required, the Academy denies those allegations.

72. The allegations of paragraph 72 of the SAC state a conclusion of law to which no responsive pleading is required. To the extent a response is required, the Academy denies those allegations.

## COUNT IV SLANDER

73.   The Academy denies the allegations of paragraph 73 of the SAC.

74.   The Academy denies the allegations of paragraph 74 of the SAC.

75.   The Academy denies the allegations of paragraph 75 of the SAC.

76.   The Academy denies that Dr. Sakaji made the comments alleged in paragraph 75 of the SAC and admits that Dr. Sakaji has not retracted any such comments.

77.   Paragraph 77 of the SAC states conclusions of law to which no responsive pleading by the Academy is required.  To the extent a response is required, the Academy denies the allegations of this paragraph.

78.   The Academy is without knowledge or information sufficient to admit or deny the allegations of paragraph 78 of the SAC.

## AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the Academy denies each and every allegation of Plaintiff's claims.  The Academy reserves the right to amend its Answer and to assert additional affirmative defenses following discovery of the relevant facts.

### First Defense

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, because they are not ripe.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because they are moot.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show that the Academy harmed her.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by her unclean hands.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and repose.

### Ninth Defense

Plaintiff's claims are barred in whole or in part because of Plaintiff's own negligence or actual knowledge.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

### Twelfth Defense

Plaintiff's claim for slander is barred, in whole or in part, by the doctrine of privilege.

Dated:  May 4, 2010                          Respectfully submitted,

                                             DEWEY & LEBOEUF LLP

/s/ Margaret A. Keane                        /s/ Mark A. Walsh
Margaret A. Keane                            Mark A. Walsh
*Pro Hac Vice*                               D.C. Bar No. 975134
Dewey & LeBoeuf LLP                          Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500            1101 New York Avenue NW
East Palo Alto, CA 94303-2225                Washington, D.C. 20005-4213
(650) 845-7275                               (202) 346-8150
(650) 845-7333 fax                           (202) 956-3355 fax
mkeane@dl.com                                mark.walsh@dl.com

                                             Counsel for DEFENDANT ISLAMIC
                                             SAUDI ACADEMY