IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONIA GHAWANMEH, | ) |
| Plaintiff | ) |
| v. | ) |
| ISLAMIC SAUDI ACADEMY | ) CIVIL NO.: 1:09-cv-00631-RWR |
| and | ) |
| THE KINGDOM OF SAUDI ARABIA, A FOREIGN NATION | ) |
| Defendants | ) |

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Plaintiff, Sonia Ghawanmeh by and through her undersigned counsel requests the Court find Plaintiff is not responsible for Defendants' Attorneys' fees because the motion for leave to file a second amended complaint should be considered a dispositive motion, and therefore not with in the scope of this Court's Local Rule 7(m). Also Defendant was not prejudiced in filing an answer to the first amended complaint, and it was not "useless."

**INTRODUCTION**

This case involves a number of disputes between Plaintiff Sonia Ghawanmeh, a naturalized citizen of the United States, ("Am. Compl.") ¶ 15, and Defendants, the Islamic Saudi Academy (ISA) and the Kingdom of Saudi Arabia (KSA). On November 27, 2009 this Court entered a decision to grant in part and deny in part, Defendants' motion, (pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)) to dismiss

1

Plaintiff's amended complaint. See Memorandum Opinion (11/27/09) ("Mem. Op.") [#18]. On December 9, 2009 Defendants' counsel requested an extension of time in order to file Defendants' Answer to Plaintiff's (first) Amended Complaint. See Defendant ISA's Mot. to Ext. Time to Answer Amended Complaint. (filed on 12/10/2009) [#19]. At the time Plaintiff's counsel agreed to Defendants' request for an extension to answer Plaintiff's amended complaint. Additionally, at the same time Plaintiff had no particular intention to move for leave to file a second amended complaint. Later however, upon finding other legal claims entitling the Plaintiff to relief, Plaintiff's counsel finally decided to move for leave to further amend Plaintiff's complaint. See Plaintiff's Mot. for Leave to File Am. Compl. w/ Second Am. Compl. (12/18/2009) ("Mot. for 2d Am. Compl.") [#20]. Defendant subsequently filed an answer to Plaintiff's (first) Amended Complaint on December 21, 2009. Answer of Def. ISA to Am. Compl. (12/21/2009) [#21], and then filed an Opposition Memorandum to Plaintiff's Mot. for 2d Am. Compl on January 15, 2010. See Court's Docket at #22.

On April 20, 2010 the Court decided to grant Plaintiff's motion to allow Plaintiff to file a second amended complaint. However the Court also ordered that Plaintiff, "show cause in writing within fourteen (14) days of this order why she should not have to pay the expenses that defendants incurred in preparing their useless answer." See Ct's Order at 23. The Court's contemporaneous memorandum opinion stated the Court believed there was merit in Defendants' claim that Plaintiff violated Local Rule 7(m) when Plaintiff did not confer with Defendant before filing Plaintiff's motion for leave to file a second amended complaint on December 18, 2009. Memo Op. at 24, pp's 5-6. Defendants' main contention is that under Local Rule 7(m) Plaintiff had an obligation to

confer with Defendant before filing a non-dispositive motion, meaning, before Plaintiff moved to file her second amended complaint: and had Plaintiff done so Defendant could have mitigated the costs associated with filing and preparing an answer to the first amended complaint. Id.

Thus the main point at issue in the Court's order to show cause for granting Defendants' Attorneys' fees for filing an answer to the Plaintiff's first amended complaint is whether the Plaintiff was in violation of Local Rule 7(m).

## ANALYSIS

### A. PLAINTIFF DID NOT VIOLATE LOCAL RULE 7(m) BECAUSE A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT IS A DISPOSITIVE MOTION NOT WITHIN THE SCOPE OF LOCAL RULE 7(m).

Local Rule 7(m) states, "Before filing any non-dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . .A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." (LCvR 7(m))

The court has said "the term 'dispositive motion' includes a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1215, 324 U.S. App. D.C. 241 (D.C. Cir. 1997). <u>Tripoli Rocketry Ass'n v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 2010 U.S. Dist. LEXIS 29099, 7-8 (D.D.C. Mar. 26, 2010)</u>. In the instant case if the motion for leave to file a second amended

3

complaint was not granted then it would have resulted in "elimination of a claim from the case", mainly Plaintiff's main claim, its FMLA claim. Thus the motion to file a second amended complaint is a dispositive motion, not a non-dispositive motion, and therefore plaintiff had no duty to confer with defendant.

Generally non-despositive motions are motions that are motions that only have a tangential affect on the merits of the case. A motions seeking attorney's fees for discovery sanctions was ruled to be non-dispositive because it was tangential to the merits of the litigation and would not result in the determination of a particular claim in the case. See United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr., 433 F. Supp. 2d 104, 112 (D.D.C. 2006); Tripoli Rocketry Ass'n v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 2010 U.S. Dist. LEXIS 29099 (D.D.C. Mar. 26, 2010). Here, a motion to file an amended complaint is not *tangential to the merits of the litigation,* for it establishes the very grounds upon which the litigation rests by bringing claims which frame the whole case. Therefore a motion to file an amended complaint cannot be considered simply a non-dispositive motion and must be considered a dispositive motion, by being considered a dispositive motion it does not fall within the scope of rule 7(m) and therefore plaintiff had not duty to confer with defendant.

Furthermore, commentators have stated and other courts have held that a motion to file an amended complaint should be viewed as a dispositive motion if the motion could be denied:

> *2-21 Moore's Manual--Federal Practice and Procedure § 21.82:* "A motion for leave to amend the pleadings is a nondispositive matter that may be determined by a magistrate judge…**If denial of a motion to amend would preclude a claim, however, the decision is deemed dispositive in nature.**"

Courts have also ruled that if a motion to amend is denied and such a denial eliminated a claim, such a motion is a dispositive motion. Hunt Energy Corp. v. Crosby-Miss. Resources, Ltd., 732 F. Supp. 1378, 1389 (S.D. Miss. 1989) , aff'd on other grounds, 979 F.2d 1533 (5th Cir. 1992) stated that (if denial of generally non-dispositive motion to amend to assert counterclaim would forever bar recovery on counterclaim, motion is dispositive); HCC, Inc. v. R H & M Mach. Co., 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999). If the court denied plaintiffs motion, the FMLA claim would have been barred. If the motion is going to be denied then it's dispositive. Here the court could have easily denied Plaintiff's motion to amend, if the Court denied the motion to amend then the claim would have been precluded, and thus the motion to amend is a dispositive motion and not within the scope of rule 7(m).

**B. PLAINTIFF'S LACK OF CONFERRAL WITH DEFENDANT WAS INADVERTAENT AND DID NOT PREJUDICE THE DEFENDANT**

It is clear from the record that at Plaintiff's counsel and defense counsel have been in regular contact with each other. Previously when Plaintiff filed a motion for leave to amend, counsel conferred Defense counsel. In this particular instant, Plaintiff's counsel inadvertently forgot to confer with Defense counsel. Even though in hindsight, Plaintiff's counsel should have called defense counsel, this act did not prejudice the defendant.

The FMLA claim is a crucial aspect of plaintiff's injuries and precipitated other violations of law and therefore, it is difficult to imagine that defense counsel would not have opposed the Plaintiff's motion to amend the complaint and allow the FMLA cause of action to be included once again in the complaint. If the Defendant did not oppose the motion, then they did not have to file their opposition to the motion to amend.

5

Defense counsel argues that if they had known about the motion to amend, they would not have prepared an answer. However, when the defense counsel filed their answer, they did know about the motion to amend. As stated above, the Plaintiff filed its motion on December 18, 2009, and the defendant filed its answer on December 21, 2009. There was no reason for the defendant to file its answer.

The answer filed by the Defendant is not a wasted answer. The Plaintiff did not remove any claims in its amended complaint. Therefore the answer is still valid and can be used. The time defendant spent on researching or preparing an answer to the first amended complaint will be of value in the upcoming litigation even though undersigned counsel did not alert defendant that plaintiff will be filing an amended complaint.

Again the record is clear, Defense counsel and Plaintiff's counsel have been in regular contact. Not conferring with defenses counsel prior to filing its second Motion to Amend was an inadvertent error that did not prejudice the defendant at all.

## Conclusion

Therefore for the reasons stated above, the court should not award attorneys' fees to the defendant.

Respectfully Submitted,

SONIA GHAWANMEH

/s/
_____
BY:   Faisal Gill, Esq., DC Bar #497312
        1101 30th St. NW, Suite 500
        Washington, DC 20007
        Phone:        (202) 625-4898

6

        Fax:      (202) 330-5468
        fgill@glawoffice.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2010, I electronically filed the PLAINITFF'S PRESPONSE TO ORDER TO SHOW CAUSE with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Mark A. Walsh, D.C. Bar #975134<br>Dewey & LeBoeuf, LLP<br>1101 New York Avenue, NW<br>Washington, DC 20005<br>Phone:  (202) 346-8150<br>Fax:  (202) 956-3355<br>mark.walsh@dl.com<br>Counsel for Defendant Islamic Saudi Academy | Margaret A. Keane, *Pro Hac Vice* (Pending)<br>Dewey & LeBoeuf LLP<br>1950 University Avenue, Suite 500<br>East Palo Alto, CA 94303-2225<br>Phone:  (650) 845-7275<br>Fax:  (650) 845-7333<br>mkeane@dl.com<br>Counsel for Defendant Islamic Saudi Academy |

        /s/
    _____
    BY:    Faisal Gill, Esq., DC Bar #497312
            1101 30th St. NW, Suite 500
            Washington, DC 20007
            Phone:  (202) 625-4898
            Fax:  (202) 330-5468
            fgill@glawoffice.com
            Attorney for Plaintiff