UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SONIA GHAWANMEH,

    Plaintiff,

    v.                                            Civil Action No. 09-631 (JMF)

ISLAMIC SAUDI ACADEMY and
THE KINGDOM OF SAUDI ARABIA,

    Defendants.

## MEMORANDUM OPINION

This case was referred to me for all purposes including trial. Currently pending and ready for resolution are the following motions: 1) defendant Islamic Saudi Academy's ("ISA's") Motion in Limine to Exclude Testimony of "Me Too" Allegations of Discrimination and Hearsay Evidence of Defamation [#43], 2) Plaintiff's Motion to Strike Defendants' Motion *in Limine* [#45], 3) the ISA's Motion to Quash Subpoenas *Duces Tecum* and Motion for Protective Order as to Subpoenas *Ad Testificandum* [#48], 4) Plaintiff's Motion to Strike Defendant's Motion to Quash, Motion to Disqualify and Motion to Enjoin [#51], and 5) Plaintiff's Supplemental Memorandum of Law and Motion to Compel [#54].

## INTRODUCTION

In a recent Order, I commented upon the cavalier attitude the parties in this case have displayed with regard to the Court's deadlines. Based on recent developments, I realize that I previously understated the problem, and that there now exist complications that could have been avoided had the parties only obeyed the Federal Rules of Civil Procedure and complied with the

deadlines they agreed to and I ordered.

They have created a situation where the legal issues presented by their recent filings have had to be resolved under emergency conditions, causing the Court to have to defer work on other cases. Litigants simply have no right to ignore deadlines or their obligation to attend a pretrial conference ready to try their case in a few short weeks. Instead, the pretrial conference in this case became an occasion that imposed upon the Court obligations that never would have come into existence if counsel had either complied with the discovery deadlines or moved to extend those deadlines to accomplish some important purpose. Surely, doing that makes much more sense than creating "emergencies" that should have never happened in the first place.

On April 20, 2010, I granted plaintiff leave to file her Second Amended Complaint [#20-2].[1] On August 9, 2010, the parties filed their Rule 26(f) Joint Report [#28]. Therein, the parties proposed that discovery be completed by January 14, 2011. Id. at 3. Without moving for an enlargement of time within which to complete discovery, however, the parties then took it upon themselves to schedule plaintiff's deposition on February 17, 2011, one month after the discovery deadline. The issues that are currently before me arose as a result of that untimely deposition.

I. Motion in Limine to Exclude Testimony of "Me Too" Allegations of Discrimination and Hearsay Evidence of Defamation

    A. Testimony of "Me Too" Allegations of Discrimination

During her deposition on February 17, 2011, plaintiff indicated that there were other individuals who worked for the defendants who might have information pertaining to her claim

---

[1] The document was filed electronically on December 18, 2009.

that Saudi employees were treated more favorably than non-Saudis. Two more weeks went by, and plaintiff's counsel finally sent defendants' counsel an e-mail indicating plaintiff's intent to issue subpoenas *ad testificandum* for twenty-one (21) persons. Notice of Service of Subpoenas [#34] was filed electronically with the Court on March 24, 2011. A service copy of those subpoenas was then provided to defendants' counsel on April 4, 2011. On April 18, 2011, defendants' counsel moved *in limine* to exclude the testimony of these twenty-one people, even though he did not learn what the witnesses would actually say until April 22, 2011, when he received plaintiff's section of the Joint Pretrial Statement Pursuant to Local Civil Rule 16.5 [#47]. On April 26, 2011, defendants' counsel modified his original motion, and now seeks to preclude the testimony of only eleven of the original twenty-one subpoenaed witnesses. See [#48] at 1.

  First, plaintiff never identified these witnesses in her Rule 26(a)(1)(A) statement. In that statement, she only listed the following: 1) herself, 2) her husband, 3) any individuals named in defendant's initial disclosures, 4) any individuals needed to authenticate a document or establish a chain of custody, 5) any individuals identified in plaintiff's discovery requests or responses, and 6) any individuals named in defendants' discovery requests or responses as persons "likely to have discoverable information." Memorandum in Reply on Motion to Quash and in Opposition to Motion to Strike, Disqualify and Enjoin [#53], Exhibit B at 2-3; Fed. R. Civ. P. 26(a)(1(A). Nor did plaintiff ever file a timely supplement to that statement, as required by Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure. Instead, plaintiff's counsel merely sent defendants' counsel an e-mail naming these additional witnesses long after the discovery deadline had passed.

3

The penalty for failing to make the required initial disclosure or the requisite supplemental disclosure is specified in Rule 37(c) of the Federal Rules of Civil Procedure. According to the rule, plaintiff cannot later call a previously unidentified witness unless her failure to identify the witness in a timely fashion was either substantially justified or harmless.

Plaintiff's attempt to justify her delay in providing defendants with the names of the potential witnesses on the grounds that she only knew of their identifies at the time her deposition was taken is frivolous; how could she not know prior to bringing her lawsuit the identities of the persons whom she believed were treated differently than she was, based on her ethnicity? They are, after all, her fellow employees. Plaintiff cannot be seriously suggesting that prior to her deposition she had no reason or opportunity to identify for her lawyer those witnesses who would support her claim of discrimination and with whom she had worked.

Plaintiff also ignores that the rule is stated in the disjunctive. The self-executing sanction in Rule 37(c)(1) applies unless the party who failed to make or supplement the required disclosure establishes that her failure was substantially justified *or* harmless. Since her failure was not justified at all, let alone substantially justified, there is no reason to consider whether the failure was or was not harmless to the ISA. Her recent argument that the Court should take into account both parties' failure to comply with discovery deadlines and then balance the interest in complying with those deadlines against the consequences of her not being able to call certain witnesses is completely wrong.[2] Rule 37(c)(1) states that if a party does not make the requisite disclosure, the party is not allowed to use that witness; it admits of no discretion to do anything besides either imposing the sanction of precluding the witness from testifying or imposing one of

---

[2] See [#54] at 6-7.

the sanctions specified in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1)(C). One of these sanctions must therefore be imposed and in my view the one most appropriate is to preclude the witnesses from testifying. There is nothing in the Rule that could possibly lead to the conclusion that no sanction whatsoever may be imposed because, on balance, one factor supposedly outweighs some other factor.

      B.    <u>Hearsay Evidence of Defamation</u>

The ISA also moves to preclude testimony as to any alleged defamatory statements about plaintiff by Dr. Sakaji unless the witness was personally present at the November 2008 staff meeting where it is alleged that Sakaji made such statements. [#43] at 2. The Court will defer its ruling as to these statements until they are offered as evidence at trial.

II.    <u>Plaintiff's Motion to Strike Defendants' Motion *in Limine*</u>

In this motion, plaintiff moves to strike [#43] on the grounds that defendants' counsel failed to comply with the meet and confer obligation imposed by Rule 7 of the Local Rules of Civil Procedure, which requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." LCvR 7(m).

In its opposition to the motion, the ISA argues that it fulfilled its obligation under the Local Rules by virtue of defendants' counsel having met with plaintiff's counsel on April 14, 2011, at which point plaintiff's counsel indicated that he intended to call each of the twenty-one recently subpoenaed witnesses in spite of the ISA's objections. Based on this conversation as well as numerous attempts by defendants' counsel on April 18, 2011, the day before the ISA's

motion *in limine* was filed, to communicate with plaintiff's counsel about the motion, plaintiff's current motion will be denied. Defendants' counsel clearly complied with the rule, and his belief that, as a result of the April 14, 2011 in-person meeting, plaintiff would oppose such motion was, in light of plaintiff's actual opposition to the motion, clearly appropriate.

III.   Motion to Quash Subpoenas *Duces Tecum* and Motion for Protective Order as to Subpoenas *Ad Testificandum*

In this motion, the ISA moves first to quash the subpoenas *duces tecum*, which, while issued to twenty-one ISA employees, were also addressed to the ISA in the attached schedule of documents. Under Rule 45 of the Federal Rules of Civil Procedure, "[e]very subpoena must . . . command each person to whom it is directed to do the following at a specified time and place . . . produce designated documents . . . in that person's possession, custody, or control . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). In this instance, plaintiff sought documents from twenty-one ISA employees that were in fact in not in their personal possession, custody, or control, but rather, were business records belonging to the ISA. Indeed, irrespective of who was served, the attachment demands that the "Islamic Saudi Academy" produce the documents requested. Plaintiff's effort to have these employees enter their employer's office and remove the employer's records, thereby engaging in an act of theft, is an attempted abuse of the Court's processes. It is as if an employee of the State Department was issued a subpoena to bring to court the records of the State Department.

Second, the document served upon these employees is not a subpoena *duces tecum* pursuant to Rule 45 in the sense that it requires the person served to produce the records at the upcoming trial. Instead, it is specifically denominated "Plaintiff's First Request for the

6

Production of Documents" and requested that the ISA produce documents for inspection and copying at plaintiff's counsel's law firm. See [#48], Attachment 1. This is nothing more than a request to produce documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure. It should have been served during the discovery period I set and, since it was plaintiff's transparent attempt to evade the consequences of her failure to serve it during discovery, must be rebuffed. This document commands no obedience from either the defendant or anyone else on whom it was served.

The ISA's motion for a protective order as to the subpoenas *ad testificandum* will, for the reasons stated below, also be denied.

IV.  Plaintiff's Motion to Strike Defendant's Motion to Quash, Motion to Disqualify and Motion to Enjoin

First, plaintiff moves to strike defendant's motion to quash plaintiff's subpoena *duces tecum*. Having denied [#48], the Court will similarly deny plaintiff's motion to strike the motion to quash as moot. Second, plaintiff seeks to disqualify the law firm of Dewey LeBoeuf from representing the twenty-one subpoenaed witnesses and to enjoin the firm from meeting with the witnesses.

Under the District of Columbia Rules of Professional Conduct, a lawyer may not represent a client if "[t]hat matter involves a specific party or parties and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter even though that client is unrepresented or represented by a different lawyer." D.C. RULE OF PROFESSIONAL CONDUCT 1.7(b)(1). It was perfectly appropriate for Dewey LeBoeuf, as counsel for the ISA, to move to quash subpoenas upon persons, whether employees or not, whom

it believed could not produce relevant testimony and who had received a demand to produce documents that belonged to its client. That was a legitimate exercise of its responsibility as counsel to the ISA; that the persons who received the subpoenas were ISA employees is irrelevant. The ISA employees certainly did not have any interest that was adverse to the ISA's such that the firm's simultaneous representation of them was improper.

Plaintiff also contends that the testimony of the subpoenaed ISA employees is clearly adverse to the interests of the ISA and that by representing these individuals, counsel for the ISA is attempting to keep this information from plaintiff. [#52] at 13. Counsel for ISA counters that there is no conflict "when jointly represented defendants offer contradictory testimony and certainly there is none where the testimony would be from a non-party." [#53] at 5. Counsel for the ISA further states that is has not instructed any ISA employee not to speak with plaintiff's counsel. Id. at 6.

First, I believe that no one owns a witness, and I will hold Dewey LeBouef to the representation that the firm will not instruct any witness to refuse to speak with plaintiff's counsel. The decision is the witness's, however, and counsel for both parties shall advise the witness that he or she may speak to plaintiff's counsel as he or she sees fit. Additionally, the witness must be advised that he or she may speak to plaintiff's counsel privately if the witness wishes. After any such private interview, plaintiff's counsel will provide Dewey LeBoeuf with a candid and comprehensive summary of what plaintiff's counsel expects the witness to say. I do this to make sure that the summaries of the potential testimony of the witnesses are accurate and to give fair warning of the witness's expected testimony. I will therefore not disqualify the law firm of Dewey LeBoeuf from its continued representation of these individuals.

V.  Plaintiff's Supplemental Memorandum of Law and Motion to Compel

In this motion, plaintiff moves to compel responses to the subpoenas *duces tecum*. Having previously quashed the subpoenas *duces tecum* as untimely, the Court will deny as moot the motion to compel.

An Order accompanies this Memorandum Opinion.

/S/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: May 10, 2011